```
              IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF KANSAS
```

**BOBBY BRUCE WHITE,**

                        **Petitioner,**

            v.                                      CASE NO. 13-3126-SAC

**RAY ROBERTS, et al.,**

                        **Respondents.**

**MEMORANDUM AND ORDER**

This matter is a petition for habeas corpus filed pursuant to 28 U.S.C. § 2254. Respondents have filed a motion to dismiss this matter on the ground that petitioner failed to commence this action within the one-year limitation period. Petitioner has filed a response.

**Background**

Petitioner is serving a term of life imprisonment following his August 2005 conviction, upon retrial, for first-degree murder in violation of K.S.A. 21-3401. On June 22, 2007, the Kansas Supreme Court affirmed the conviction on direct appeal. *State v. White*, 161 P.3d 208 (Kan. 2007).

On May 19, 2008, petitioner filed a state post-conviction action pursuant to K.S.A. 60-1507. The state district court denied relief on June 5, 2009, and on February 4, 2011, the Kansas Court of Appeals affirmed that decision. *White v. State*, 2001 WL 428656 (Kan.App. 2011)(unpublished opinion). On March 1, 2011, petitioner filed a motion for review in the Kansas Supreme Court. That court denied review on April 25, 2011.

Petitioner filed the present action on July 18, 2013.

**Discussion**

This matter is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA). The AEDPA established a one-year limitation period for filing a petitioner pursuant to § 2254. *Rhine v. Boone*, 182 F.3d 1153, 1154 (10th Cir. 1999). The limitation period runs from the latest of:

- (A) The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
- (B) The date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
- (C) The date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
- (D) The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. §2244(d)(1)(A)-(D).

The limitation period is tolled during the pendency of a properly-filed "application for State post-conviction or other collateral review with respect to the pertinent judgment or claim." 28 U.S.C. § 2244(d)(2).

Here, the Kansas Supreme Court affirmed petitioner's conviction on June 22, 2007, and the limitation period began to run 90 days later, on September 20, 2007, upon the expiration of the time for seeking review in the United States Supreme Court. *See Locke v. Saffle*, 237

F.3d 1269, 1273 (10th Cir. 2001)(conviction becomes final after U.S. Supreme Court denies review, or, "if no petition for certiorari is filed, after the time for filing a petition for certiorari with the Supreme Court has passed.")

The limitation period continued to run until May 19, 2008, when petitioner filed a post-conviction motion pursuant to K.S.A. 60-1507. The limitation period resumed running upon the conclusion of post-conviction review on April 25, 2011, and expired on August 29, 2011. Petitioner filed the instant petition for habeas corpus on July 18, 2013, nearly two years later.

When a petitioner fails to file the petition within the one-year period, he may avoid the one-year time bar only by showing actual innocence, *see McQuiggin v. Perkins*, __ U.S. __, __, 133 S.Ct. 1924, 1931 (2013), or by establishing grounds for equitable tolling by showing that extraordinary circumstances beyond his control prevented him from compliance with the limitation period. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

Petitioner's arguments for equitable tolling are based first, upon his difficulty in pursuing legal remedies due to his conditions of confinement, and second, upon the lack of notice of the decision of the Kansas Supreme Court.

Equitable tolling is available only when a petitioner "demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). Even where such circumstances are

established, "this Circuit has generally declined to apply equitable tolling when it is facially clear from the timing of the state and federal petitions that the petitioner did not diligently pursue his federal claims." *Burger v. Scott*, 317 F.3d 1133, 1141 (10th Cir. 2003). The petitioner has the burden of presenting specific facts that demonstrate extraordinary circumstances and due diligence. *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008).

While petitioner broadly claims that he was denied access to legal resources, forms, addresses, and the opportunity to file, he provides little specific information that explains how these events caused the lengthy delay in submitting this petition. A petitioner's bare assertions of interference are not sufficient to justify equitable tolling. *See, e.g. United States v. Martinez*, 303 Fed.Appx. 590, 596 (10th Cir. 2008)(unpublished)(equitable tolling not available where petitioner "has not provided … specific details regarding what restrictions actually were placed on his access to legal materials or how such restrictions hindered his ability to file … in a timely manner.") and *Coppage v. McKune*, 534 F.3d 1279, 1282 (10th Cir. 2008)("Even with limited access to a prison law library, [petitioner] could raise …only issues previously submitted in state court, so much of the research would already have been done.")

Because petitioner fails to specifically identify how any such denial of materials or assistance prevented him from filing his petition in a timely manner, the court finds no basis for allowing equitable tolling on that basis.

Petitioner also asserts he is entitled to equitable tolling because he did not receive timely notice of the decision of the Kansas Supreme Court from his attorney. As noted, the Kansas Supreme Court entered its decision on April 25, 2011. Petitioner reports that his counsel claims he mailed notice of the decision to petitioner on April 28, 2011. Petitioner states that at around that time he was transferred to another facility for court proceedings in another matter, and he returned to the Larned State Hospital in February 2012. He states that between February and August 2012, he attempted to contact his attorney but got no response. (Doc. 27, p. 7.)

These facts do not warrant equitable tolling. Petitioner does not persuasively allege diligence. He does not explain whether he made any effort to contact the Kansas Supreme Court for information on the status of his case, does not provide a detailed explanation of his efforts to contact his counsel, and states only that in the absence of a reply from counsel, he filed a petition for clemency. *See LaCava v. Kyler*, 398 F.3d 271, 276-78 (3d Cir. 2005)(no extraordinary circumstances found where attorney failed to forward disposition of case and petitioner did not show due diligence by waiting twenty-one months to seek information).

## Conclusion

Having examined the record, the court concludes this matter must be dismissed as time-barred. Petitioner has neither established any sufficient ground for equitable tolling nor demonstrated actual innocence.

IT IS, THEREFORE, BY THE COURT ORDERED respondents' motion to dismiss (Doc. 25) is granted.

IT IS FURTHER ORDERED petitioner's motion for judgment as a matter of law (Doc. 30) and motion for summary judgment (Doc. 31) are denied.

Copies of this order shall be transmitted to the parties.

**IT IS SO ORDERED.**

DATED:  This 19th day of August, 2014, at Topeka, Kansas.


                                     S/ Sam A. Crow
                                     SAM A. CROW
                                     U.S. Senior District Judge